IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Darrell L. Goss, | ) | C/A No.: 1:18-2124-BHH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Bryan P. Stirling; Charles Williams; Joel Anderson; Aaron Joyner; Michael Stephen; Scott Lewis; Willie Davis; Richard Cothran; Levern Cohen; Donnie E. Stonebreaker; Terrie Wallace; Gary Lane; John Pate; Patricia Yeldell, | ) | ORDER |
| Defendants. | ) | |

Darrell L. Goss ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action alleging increased violence in 13 institutions of the South Carolina Department of Corrections ("SCDC") resulting from an influx of gang members, prison overcrowding, and understaffing. [ECF No. 1]. This matter comes before the court on Plaintiff's motions (1) for sanctions [ECF No. 116]; (2) for sanctions and to conduct additional discovery [ECF No. 121]; and (3) for continuous discovery [ECF No. 130]. This matter is referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). For the foregoing reasons, the undersigned denies Plaintiff's motions.

Plaintiff originally listed 27 proposed plaintiffs, but only he signed the complaint. On August 6, 2018, the Honorable Mary Gordon Baker, United States Magistrate Judge,[1] issued an order noting the Clerk of Court had properly listed only Plaintiff on the docket, as *pro se* parties may not represent the right of others. [ECF No. 7].

On April 4, 2019, Judge Baker granted in part and denied in part Plaintiff's second motion to compel. [ECF No. 97]. Specifically, Judge Baker found Plaintiff was entitled, subject to certain limitations, to the information requested in his Second Requests for Production Nos. 1–6 and Third Requests for Production No. 6. The requests, as modified by Judge Baker, include pictures of all homemade weapons at six SCDC institutions and videos and incident reports of any inmate assaults at the six institutions.

On June 25, 2019, Defendants served Plaintiff with written responses to his requests for production on Plaintiff and submitted the responsive documents to the court for *in camera* review. Specifically, the written responses note that providing Plaintiff with the voluminous documents poses a security risk. Defendants note that Plaintiff was convicted of institutional charges of "Assault on an Inmate with a Weapon with Intent to Injure/Kill" arising out of a January 2018 attack on two unarmed inmates. [ECF No. 122

---

[1] This matter was reassigned to the undersigned on July 26, 2019, for reasons unrelated to this case.

at 5–6]. Therefore, Defendants argue that providing Plaintiff "photographs of other inmates' successful attempts at turning various pieces of the infrastructure of institutions into weapons is a security risk. . . ." However, the responses provide Plaintiff with the numbers of homemade weapons found at the institutions within the parameters set by Judge Baker. In response to a request for videos and incident reports of attacks, Defendants provided the court the responsive documents *in camera*, but provided Plaintiff only with the statistics of such events. In each instance, with the exception of a stabbing of which Plaintiff was one of two assaulting inmates, Defendants note that Plaintiff was not involved in the incident.

Plaintiff's first motion for sanctions, dated June 28, 2019, indicates he had not received discovery responses from Defendants. [ECF No. 116]. However, it appears that they may have been delayed in the mail, as he filed a more substantive motion for sanctions a few days later. The undersigned therefore finds as moot Plaintiff's July 2, 2019 motion for sanctions.[2]

In his second motion for sanctions and discovery, Plaintiff argues defense counsel is intentionally attempting to mislead him and the court because the numbers Defendants provided for Turbeville Correctional

---

[2] The motion also alleges defense counsel advised him SCDC may move him out of state in retaliation for filing lawsuits. [ECF No. 116]. Defense counsel denies having advised Plaintiff he may be moved out of state. [ECF No. 122 at 14]. As Plaintiff remains in SCDC custody in South Carolina, the issue is not properly before the court.

3

Institution ("TCI") in this case do not match the numbers provided in discovery in a state court case he has pending against TCI defendants. [ECF No. 121]. Given that defense counsel is the same in both cases, it is not clear why Plaintiff believes any discrepancy is intentional, as Plaintiff was provided with both sets of information. In any event, Defendants explained that (1) the discrepancies only involved a few incidents, as Plaintiff was counting some of the months not at issue in this case and (2) the discrepancy caused by a difference in the characterization of incidents in which an inmate used an unconventional weapon (i.e. bodily fluids or a chair) are characterized differently. [ECF No. 127]. Plaintiff filed no reply disputing Defendants' explanation.

Plaintiff also argues Defendants improperly failed to provide information relating to the December 31, 2017 riot at TCI. Judge Baker specifically limited this request to "any incident reports or photos related to this riot that directly involve Plaintiff." [ECF No. 97 at 5]. Defendants responded they do not have any incident reports or photos directly related to Plaintiff from the December 31, 2017 incident. Therefore, even if Plaintiff was "involved" in the riot as he alleges, Defendants do not have any documents responsive to his request, as narrowed by Judge Baker. The undersigned denies Plaintiff's July 11, 2019 motion for sanctions. Additionally, Plaintiff's request to conduct additional discovery, including the

monthly management information reports from each institution, is denied, as he has already conducted broad discovery subject to his claims.

Plaintiff also requests "an order granting him on-going discovery until trial." [ECF No. 130]. Plaintiff claims he needs additional discovery because gang-related stabbings continue to occur at SCDC's prisons state-wide. *Id*. However, Plaintiff does not indicate these incidents affected him in any way, and the court notes he is placed in Lieber Correctional Institution's Restorative Unit. [ECF No. 122 at 13]. Plaintiff is reminded he may not represent the interests of other prisoners and this case concerns only whether his constitutional rights were violated. While Plaintiff has cited to cases such as *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985), in arguing he is entitled to broad discovery at all SCDC institutions, the undersigned notes that *Shrader* was a class action case involving multiple plaintiffs. Additionally, *Shrader* was issued 34 years ago before the enactment of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which may affect the viability of his claims. Plaintiff's motion for further or continuous discovery is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 15, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

5