IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Darrell L. Goss, | ) | C/A No.: 1:18-2124-BHH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Bryan P. Stirling, Charles Williams, Joel Anderson, Aaron Joyner, Michael Stephen, Scott Lewis, Willie Davis, Richard Cothran, Levern Cohen, Donnie E. Stonebreaker, Terrie Wallace, Gary Lane, John Pate, and Patricia Yeldell, | ) | ORDER |
| Defendants. | ) | |

Darrell L. Goss ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights, against Richard Cothran ("Cothran"), Warden of Turbeville Correctional Institution ("TCI"), in his individual capacity, for failure to protect Plaintiff from inmate assaults and the threat of inmate assaults due to increased gang violence.[1]

---

[1] Plaintiff has moved to voluntarily dismiss with prejudice all claims against all other defendants except against Cothran (collectively "Defendants"). [See ECF No. 163, ECF No. 174 at 1–2]. All Defendants have moved for summary judgment, and on February 20, 2020, the undersigned issued report and recommendation, recommending in part the district judge grant Plaintiff's motion for voluntary dismissal and deny Contran's motion for summary judgment as to Plaintiff's remaining claim for violation of his Eighth

This matter comes before the court on Plaintiff's motion for reconsideration of the court's order denying his motion to amend his complaint. [ECF No. 198]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

On October 15, 2019, Plaintiff filed a motion to amend or correct his complaint, and on the same day, the undersigned issued an order denying Plaintiff's motion as untimely, stating that the deadline for the amendment of pleadings expired November 14, 2018, eleven months before Plaintiff's motion. [ECF Nos. 167, 168]. On February 28, 2020, Plaintiff filed the instant motion for reconsideration, seeking to add a state-law claim to this action for gross negligence and citing *Laber v Harvey*, 438 F.3d 404, 427 (4th Cir. 2006), for support, arguing "delay alone is an insufficient reason to deny his motion to amend complaint." [ECF No. 198].

Although "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "a motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 941 (4th Cir. 1995). In this instant case, allowing the Plaintiff to

---

Amendment rights for failure to protect him from prison gang violence. [ECF No. 191 at 28].

amend his complaint to add a state-law claim in addition to his constitutional claims would be highly prejudicial to Defendants, as discovery is complete and Defendants' motion for summary judgment has been heard.

As cited by Plaintiff, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and *its timing*." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citation omitted and emphasis added); *see also Laber*, 438 F.3d at 427 ("the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part").

Here, the deadline to amend Plaintiff's complaint expired on November 14, 2018, and amendment at this time would be prejudicial to Defendants. Therefore, Plaintiff's motion for reconsideration is denied. [ECF No. 198].

IT IS SO ORDERED.

*Shiva V. Hodges*

March 26, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge