IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:18-2124-BHH |
| v. ) | |
| ) | |
| Bryan P. Stirling, Charles Williams, ) | **ORDER** |
| Joel Anderson, Aaron Joyner, Michael ) | |
| Stephen, Scott Lewis, Willie Davis, ) | |
| Richard Cothran, Levern Cohen, Donnie ) | |
| E. Stonebreaker, Terrie Wallace, Gary ) | |
| Lane, John Pate, and Patricia Yeldell, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Darrell L. Goss's ("Plaintiff" or "Goss") pro se complaint filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on October 2, 2019, following which Plaintiff filed a motion to voluntarily dismiss all claims against all Defendants aside from his claims against Defendants Richard Cothran ("Cothran") and Charles Williams. (*See* ECF No. 163.) In his response to Defendants' motion for summary judgment, however, Plaintiff subsequently consented to the dismissal of all Defendants aside from Cothran, and Plaintiff indicated that he wished to proceed in this action against only Cothran in his individual capacity for violation of Plaintiff's Eighth Amendment right for failure to protect him from prison gang violence. (ECF No. 174.) Also, on January 24, 2020, Plaintiff filed a motion for a preliminary injunction. (ECF No. 185.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this case was referred to a United States Magistrate Judge for preliminary determinations.

On February 20, 2020, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report"), thoroughly outlining the issues and recommending: that the Court grant Plaintiff's motion for voluntary dismissal, dismissing with prejudice all claims against all Defendants except for Plaintiff's Eighth Amendment claim against Cothran in his individual capacity; that the Court deny Defendants' motion for summary judgment as to this remaining claim; and that the Court deny as moot Plaintiff's motion for preliminary injunction.

Defendants filed objections to the Magistrate Judge's recommendation that the Court deny their motion for summary judgment as to Plaintiff's remaining claim. Plaintiff also filed untimely objections to the Magistrate Judge's Report as well as a response to Defendants' objections. In addition, since the filing of the Magistrate Judge's Report, Plaintiff has filed a motion for an extension of time to complete discovery (ECF No. 200); a motion to expedite (ECF No. 221); a motion for injunctive relief (ECF No. 222); and a motion to supplement/amend his complaint (ECF No. 223).

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific

objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

## I.     The Magistrate Judge's Report and the Parties' Objections

As an initial matter, no party objects to the Magistrate Judge's recommendation that the Court grant Plaintiff's motion to voluntarily dismiss all claims aside from his Eighth Amendment claim against Defendant Cothran in his individual capacity. The Court has reviewed the Report and finds no clear error in the Magistrate Judge's analysis on this

point. Accordingly, the Court adopts the recommendation and grants Plaintiff's motion to voluntarily dismiss all Defendants from this action with the exception of Defendant Cothran. (*See* ECF Nos. 163 and 174.) Thus, the only remaining claim for the Court's consideration is Plaintiff's Eighth Amendment claim against Defendant Cothran in his individual capacity.

In addition, no party objects to the Magistrate Judge's analysis and findings regarding Plaintiff's motion for preliminary injunction. After review, the Court finds no clear error and adopts the Magistrate Judge's recommendation, hereby denying as moot Plaintiff's motion for preliminary injunction (ECF No. 185).

As to the merits of Plaintiff's remaining claim against Cothran in his individual capacity for violation of Plaintiff's Eighth Amendment right for failure to protect him from prison gang violence, the Magistrate Judge thoroughly reviewed the relevant facts and the applicable law, and she ultimately recommended that the Court deny Defendants' motion for summary judgment as to this claim. First, with respect to Defendants' assertion that Plaintiff failed to exhaust his administrative remedies, the Magistrate Judge determined that, based on the evidence of record and construing all disputes of fact in Plaintiff's favor, it was unclear whether the grievance procedure was truly "available" to Plaintiff, thereby precluding the Court from granting summary judgment on the exhaustion issue *See* 42 U.S.C. § 1997e(a); *Moore v. Bennotte*, 517 U.S. F.3d 717, 725 (4th Cir. 2008) (explaining that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

In their objections to the Magistrate Judge's Report, Defendants simply repeat their arguments regarding Plaintiff's alleged failure to exhaust administrative remedies. Defendants assert that Plaintiff's grievance was not processed as an "emergency" but was

4

properly processed consistent with the prison's policies; that Plaintiff's grievance was returned to him in accordance with the prison's policies because Plaintiff failed to include an answered Request to Staff Member ("RTSM") form; that there is no record of Plaintiff ever submitting an RTSM to Major Chvala, as Plaintiff contends; and that, even if Plaintiff did so, he failed to do so in a timely manner.

In response to Defendants' objections, Plaintiff contends that he complied with the South Carolina Department of Corrections' guidelines and the instructions he received as it relates to the time frame for filing his grievance. Specifically, Plaintiff states:

> Plaintiff filed his grievance 3 days after the incident but it was returned to him because he had not attached a RTSM. At this point, looking to the Grievance Policy, it allows 5 days to refile a grievance that fails to provide the necessary information, which Defendants also acknowledge[] in their objections. However, here, the problem arises from IGC Coker's instructions to Plaintiff concerning that particular portion of the policy. She told Plaintiff that he may refile a new grievance "within 5 days of the date of receiving a response to his RTSM." Since Plaintiff never received a response to his RTSM (as the Magistrate Judge correctly found), he was prevented from refiling his grievance.

(ECF No. 211 at 2; *see also* ECF No. 174-2 at 3.)

After review, the Court agrees with the Magistrate Judge's analysis on this point and finds that there is a dispute of fact as to whether Plaintiff properly exhausted his administrative remedies. Construing the evidence in the light most favorable to Plaintiff, it is simply not clear whether the grievance procedure was truly "available" to Plaintiff. Accordingly, the Court overrules Defendants' objections as to this issue and finds that Defendants are not entitled to summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies.

In her Report, the Magistrate Judge next considered the merits of Plaintiff's Eighth

5

Amendment claim, noting that the law imposes a duty on prison officials to protect inmates from violence at the hand of fellow inmates. *Farmer v. Brennan*, 511 U.S. 833 (1994). The Magistrate Judge explained that to proceed with his claim, Plaintiff needed to demonstrate that (1) objectively, he suffered a sufficiently serious deprivation or injury; and (2) subjectively, prison officials acted with a "sufficiently culpable state of mind." *Id.* at 834. As to the question of qualified immunity, the Magistrate Judge explained that the Court must determine (1) whether the facts alleged, considered in the light most favorable to Plaintiff, show that Defendant's conduct violated a constitutional right and (2) whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Here, the Magistrate Judge found a genuine issue of material fact as to whether Plaintiff suffered a sufficiently serious deprivation or injury based on the evidence submitted by Plaintiff[1] indicating that Plaintiff was beaten and stabbed during the prison riot on December 31, 2017, and again on January 16, 2018. The Magistrate Judge explained that "[]the parties have provided the court with two starkly different versions of what occurred during Plaintiff's 16-month incarceration at TCI," precluding the Court from granting summary judgment in favor of Defendants. (ECF No. 191 at 23.) The Magistrate Judge pointed to the evidence submitted by Plaintiff, including Plaintiff's declaration and the declarations of other inmates, and found that this evidence "paints [a] picture of pervasive and extensive gang violence, unchecked and at times condoned by prison staff, that

---

[1] The Magistrate Judge properly rejected Defendants' objection to the declarations submitted by Plaintiff, noting that 28 U.S.C. § 1746 specifically permits this Court to consider these declarations.

6

includes specific death threats made to Plaintiff."[2]  (*Id.*)

As to Cothran's alleged indifference to the risk of harm to Plaintiff, the Magistrate Judge also found a dispute of material fact, noting that "Plaintiff has submitted a declaration from his mother stating Cothran had actual knowledge of the threats made by gang members against Plaintiff and that Plaintiff requested protective custody."  (*Id.* at 24.)  Accordingly, the Magistrate Judge found that "a reasonable jury could find that [Cothran] subjectively knew of the serious risk to Plaintiff and failed to take any steps to protect him from a known attack."  (*Id.*)  The Magistrate Judge also explained that the Court does not have before it, "what steps, if any, Cothran took to protect Plaintiff following the alleged phone call from Plaintiff's mother."  (*Id.* at 25.)  Ultimately, the Magistrate Judge found that the genuine disputes of material fact preclude the Court from granting summary judgment for Defendants, and that it would be inappropriate to grant qualified immunity to Cothran, at this time, based on the conflicting evidence of record.

Defendants object to the Magistrate Judge's findings as to the merits of Plaintiff's Eighth Amendment claim, first, arguing that even if the record does contain sufficient facts to demonstrate the first prong of Plaintiff's claim–that he was exposed to a substantial risk of harm–"the facts before the court cannot be interpreted to prove the second element, that prison officials had a 'sufficiently culpable state of mind' and exhibited deliberate indifference to the inmate's health or safety."  (ECF No. 203 at 13.)  In support of their argument, Defendants point to the evidence they submitted regarding the procedure for

---

[2] The Magistrate Judge also noted that Plaintiff submitted affidavits from Cothran and Chvala and that these affidavits could indicate that the risk of prison gang violence was obvious.  (ECF No. 191 at 24, n. 16.)

requesting protective custody, and they assert that Plaintiff was familiar with this procedure but never made any formal request for protective custody. Defendants again argue that Cothran had no personal knowledge of specific threats to Plaintiff and assert that Cothran's affidavit sets forth the various policies he implemented and/or enforced to combat the issues with gang violence. Finally, Defendants argue that Plaintiff suffered no injuries as a result of gang violence at Turbeville Correctional Institution, pointing to Plaintiff's medical records.

After review, the Court finds Defendants' objections unavailing. Stated plainly, Defendants' objections simply ignore the evidence submitted by Plaintiff, which, as the Magistrate Judge accurately explained, paints a "starkly different" picture as to what happened during Plaintiff's incarceration at Turbeville Correctional Institution. (ECF No. 191 at 23.) Although Defendants certainly dispute the veracity of the declarations submitted by Plaintiff (his declaration, his mother's declaration, and the declarations from other inmates), the Court fully agrees with the Magistrate Judge that the record, as it currently stands, contains evidence sufficient to create a genuine issue of material fact as to Plaintiff's claim against Cothran in his individual capacity, and it is simply not the Court's role to find the facts or otherwise make credibility determinations in ruling on a motion for summary judgment.

Defendants also object to the Magistrate Judge's qualified immunity analysis, but again, Defendants ignore the evidence submitted by Plaintiff. Specifically, Defendants submit that when viewing the evidence in the light most favorable to Plaintiff, the facts fail to show that Cothran had a "sufficiently culpable state of mind" or exhibited deliberate indifference to Plaintiff's safety, but Defendants' objection does not take into account the

declaration from Plaintiff's mother, wherein she states that she called Cothran and specifically told him that her son was facing threats of gang violence. (ECF No. 174-18 at 2.) As the Magistrate Judge explained, "Cothran fails to address this evidence and does not address what actions, if any, he took in response to the alleged calls. (ECF No. 191 at 24.)

Ultimately, the Court overrules Defendants' objections, and, for the reasons thoroughly explained by the Magistrate Judge, the Court finds that Cothran is not entitled to summary judgment on Plaintiff's remaining claim; nor is Cothran entitled to a finding of qualified immunity at this time.

Finally, although Plaintiff filed objections to the Magistrate Judge's Report, asserting that the Magistrate Judge failed to address all of the reasons that the grievance process was unavailable to him, the Court finds Plaintiff's objections untimely. In addition, the Court finds no merit to Plaintiff's objections because a review of the Magistrate Judge's Report indicates that she did consider all of the reasons Plaintiff argued that the grievance process was not available to him. Regardless, Plaintiff's objection has no bearing on the outcome because the Court has already determined that Defendants are not entitled to summary judgment on the basis of Plaintiff's alleged failure to exhaust administrative remedies. Plaintiff's objections are therefore overruled.

## II.     Plaintiff's Post-Report Motions

As previously mentioned, since the filing of the Magistrate Judge's Report, Plaintiff has filed a motion for an extension of time to complete discovery (ECF No. 200); a motion to expedite (ECF No. 221); a motion for injunctive relief (ECF No. 222); and a motion to supplement/amend his complaint (ECF No. 223).

As to Plaintiff's motion for an extension of time to complete discovery, Plaintiff seeks information regarding four correction officers that are potential witnesses in this case, a complete copy of the "monthly management information report," for the time when he was incarcerated at Turbeville Correctional Institution, a copy of the incident report for the 2017 riot at the prison, and any and all incident reports from third responders during his time incarcerated at the prison. (ECF No. 200.)

Defendants oppose Plaintiff's motion but assert that if the Court reopens discovery, then Cothran should be permitted to file an affidavit to address the issues remaining in the case. Plaintiff objects to this request, asserting that he would suffer extreme prejudice if the Court allows Defendants the second opportunity to address issues they neglected to address in the first instance.

After review, the Court agrees with Plaintiff that some limited, additional discovery is necessary to ensure that the record is fully developed and that the parties can effectively prepare for trial. Nevertheless, the Court disagrees with Plaintiff that only he should be granted an extension of time for discovery. Rather, the Court finds that both parties should be permitted to conduct some limited, additional discovery with the above goals in mind–fully developing the record and effectively preparing for trial. Thus, the Court grants Plaintiff's motion in part, and the Court remands this matter to the Magistrate Judge to determine the appropriate bounds and time limits for both parties to conduct additional but limited discovery. Additionally, the Court notes that although dispositive motions have been ruled upon, in the interest of judicial economy, if the parties' discovery exposes any information clearly critical to the outcome of this case, then the parties may move to file additional dispositive motions.

Next, the Court finds no basis on which to grant Plaintiff's motion to expedite, wherein Plaintiff asks the Court to expedite a number of his cases including this one. The Court simply notes that one of the cases to which Plaintiff refers is now closed, the other is currently under review, and this case is proceeding further as outlined above.

In his most recent motion for injunctive relief, Plaintiff complains about a recent event allegedly occurring in July of 2020 at Lieber Correctional Institution, where he is now incarcerated. Plaintiff requests an order directing prison officials to remove all instruments that an inmate could use to create weapon, and he asks the Court to order prison officials to discipline certain inmates and conduct routine cell searches. Similarly, in his motion to supplement/amend his complaint, Plaintiff asks to supplement his complaint due to the alleged ongoing threat to his safety.

After review, the Court denies Plaintiff's motions. This action now involves *only* Plaintiff's claim against Defendant Cothran in his individual capacity for the alleged violation of Plaintiff's Eighth Amendment rights while he was housed at Turbeville Correctional Institution. This case has been pending for more than two years, and dispositive motions have been filed and ruled upon; thus, to now expand the case to include additional, unrelated claims against additional parties would be wholly inappropriate, and the Court declines to do so.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 191); the Court grants Plaintiff's motion for voluntary dismissal (ECF No. 163), thereby dismissing with prejudice all of Plaintiff's claims against all Defendants aside from his Eighth Amendment claim against Defendant Cothran in his

11

individual capacity; the Court denies Defendants' motion for summary judgment (ECF No. 155) as to Plaintiff's remaining claim; the Court denies as moot Plaintiff's motion for preliminary injunction (ECF No. 185); the Court grants in part Plaintiff's motion for an extension of time to complete discovery (ECF No. 200), and the Court remands this matter to the Magistrate Judge to determine the appropriate bounds and time limits for both parties to conduct additional, limited discovery; the Court denies Plaintiff's motion to expedite (ECF No. 221); the Court denies Plaintiff's motion for injunctive relief (ECF No. 222); the Court denies Plaintiff's motion to supplement complaint (ECF No. 223); and the Court finds moot any remaining motions.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

September 28, 2020
Charleston, South Carolina