IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell L. Goss, | ) | C/A No.: 1:18-2124-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| Richard Cothran, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Darrell L. Goss ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Richard Cothran ("Cothran"), Warden of Turbeville Correctional Institution ("TCI"), in his individual capacity, pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights for the warden's failure to protect Plaintiff from inmate assaults and the threat of inmate assaults due to increased gang violence. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

This matter comes before the court on Plaintiff's motion to conduct discovery upon an inmate, Robert Manigult ("Manigult"), who Plaintiff states was an eyewitness to the January 16, 2018 assault on Plaintiff that occurred

at TCI. [ECF No. 237].[1] Plaintiff requests he be allowed to serve interrogatories or obtain an affidavit from Manigult concerning the events in question. *Id.* at 1.

In response, Defendant does not appear to oppose Plaintiff's motion, but requests that, if the court grants the motion, for the requested discovery to be "conducted by deposition to allow Defendants an opportunity to cross-examine the witness and explore relevance to the issues the Court has allowed additional discovery upon." [ECF No. 238 at 1].[2] Defendant states that Manigault is an inmate within the South Carolina Department of Corrections and counsel for Defendant can schedule a deposition upon the Court's request. *Id.* at 1. n.1. In reply, Plaintiff opposes Defendant's request that Plaintiff characterizes as follows: "Defendants asks the Court to allow them to first cross-examine plaintiff's witness through deposition without allowing plaintiff the opportunity to first examine his own witness." [ECF No. 239 at 1].

---

[1] Plaintiff has alleged that he was assaulted while incarcerated in TCI on December 31, 2017, and January 16, 2018, and that Defendant was warned by Plaintiff's mother regarding both instances. [*See, e.g.*, ECF No. 174-5 ¶¶ 7–10, ECF No. 233 at 6–7]. Defendant only references the December 2017 event in his response to Plaintiff's motion. [ECF No. 238 at 1–2]

[2] On September 29, 2020, consistent with the order issued by the district judge, the undersigned issued order reopening limited discovery "solely concerning Plaintiff's Eighth Amendment claim against Defendant Cothran in his individual capacity." [ECF No. 235; *see also* ECF No. 233].

2

In this somewhat unusual situation, Plaintiff has requested to conduct discovery on an inmate, but also objects to Defendant's request that said discovery be taken via deposition. Although Plaintiff argues Defendant's request "would violate the fundamental principles of procedural due process" and "result in extreme prejudice," *id.*, the undersigned can discern no violation of Plaintiff's rights nor any prejudice that could ensue from the requested discovery being taken via deposition, particularly given the constraints ordered by the court below. Defendant retains the ability to depose Plaintiff's witnesses, and it appears Defendant's request streamlines the discovery process that is scheduled to conclude on November 30, 2020. [ECF No. 235].

Accordingly, Plaintiff's motion to conduct discovery [ECF No. 237] is granted in part. Following Defendant filing a motion pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendant will be allowed to notice the deposition of Manigault and will bear the costs of the deposition. Further, Defendant's request is granted in that Defendant will be allowed to cross-examine Manigault following Plaintiff's examination of Manigault.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 2, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3