IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, ) | C/A No.: 1:18-2124-BHH-SVH |
| Plaintiff, ) | |
| vs. ) | ORDER |
| Richard Cothran, ) | |
| Defendant. ) | |

Darrell L. Goss ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights against Richard Cothran ("Defendant"), Warden of Turbeville Correctional Institution ("TCI"), in his individual capacity, for failure to protect Plaintiff from inmate assaults and the threat of inmate assaults due to increased gang violence. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

This matter comes before the court on Plaintiff's third motion to compel. [ECF No. 278].[1] In this motion, Plaintiff represents he submitted to Defendant, on October 12, 2020, a second request for production of documents ("SRFP") that, in part, requested production of personnel files of certain

---

[1] Plaintiff's motion to supplement and for preliminary injunction is also before the court, but not yet ripe. [*See* ECF No. 279].

correction officers, and Defendant has failed to produce any documents in response. *See id.*[2]

In response, Defendant represents that Plaintiff requested information concerning certain corrections officers in his interrogatories, and Defendant did not object to these interrogatories, but "Plaintiff did not provide Defendant with any request for production of any Correctional Officers' Personnel files." [ECF No. 280]. Further, "Defendant contends he has provided Plaintiff Goss with the information he has requested." *Id.*

In reply, Plaintiff does not directly address Plaintiff's response, but appears to argue that Defendant had previously represented he would produce documents in response to Plaintiff's SRFP and is estopped from contending otherwise now. [ECF No. 288].

As relevant to the resolution of the instant motion, limited discovery was reopened in this case on September 29, 2020. [*See* ECF No. 235 ("The parties are allowed . . . to conduct limited, additional discovery solely concerning Plaintiff's Eighth Amendment claim against Defendant Cothran in his individual capacity.")]. Thereafter, in response to the court's direction,

---

[2] Although Plaintiff has previously represented to the court that he submitted a SRFP to Defendant, he did identify what documents were requested. [*See* ECF Nos. 261 ("Because of the burden of having to rewrite his own legal documents by hand in order for him to retain a copy for himself . . . Plaintiff [does] not have a copy of his 2nd Requests for Production . . . but he fully remembers that he sent it to defense counsel and that his requests were related to his interrogatory questions"); *see also* ECF Nos. 253, 263].

Defendant produced a copy of Plaintiff's outstanding discovery requests and objections to those requests, to which Plaintiff replied. [ECF Nos. 247, 249, 250, 254; *see also* ECF Nos. 253, 261, 263].

In these filings, Plaintiff argued that Defendant failed to submit to the court his SRFP, requesting the court to compel Defendant to produce responsive documents. [ECF No. 253]. In response, Defendant did not directly address Plaintiff's argument, stating instead as follows:

> In accordance with this Court's Text Order (ECF No. 250) the Defendant will mail a finalized copy of all Discovery responses and production to the Plaintiff once the Court has determined the documents relevant to the Plaintiff's Argument and ordered Defendant to produce same. For these reasons, Defendant asks that Plaintiff's second Motion to Compel be found moot in accordance with Text Order (ECF No. 250).

[ECF No. 258]. Plaintiff additionally filed a motion for sanctions for Defendant's failure to produce or respond to Plaintiff's SRFP, indicating that Defendant had submitted to the court at least one question from the SRFP, not concerning the personnel files of corrections officers, but not otherwise informing the court what the SRFP requested. [ECF No. 263].

The court denied Plaintiff's motion for sanctions and denied as moot his motion to compel regarding the SRFP, and addressed the discovery requests Plaintiff had submitted to Defendant that were produced to the court, directing Defendant to produce, consistent with the court's order, responses to those discovery requests. [*See* ECF No. 264].

3

Now, for the first time, Plaintiff informs the court that his SRFP included requests for production of personnel files of corrections officer. [*See* ECF No. 278 at 2 (Plaintiff stating his SRFP included requests for "any and all records of [specific] correctional officer[s] . . . surrounding [their] termination and/or resignation from SCDC," stating these officers are eyewitnesses to this case)]. In response, Defendant still does not state clearly he did not receive Plaintiff's SRFP, but does state "Plaintiff did not provide Defendant with any request for production of any Correctional Officer's Personnel files." [ECF No. 280].

Here, Plaintiff states he asked for certain discovery in his SRFP and submitted those requests to Defendant. Defendant states he did not. There is no indication in the record currently before the court, beyond the representations made by the parties, that Plaintiff requested, or did not request, the discovery he represents he did.

Additionally, neither party address whether the requested documents fall within the limited discovery presently allowed in this case, beyond Plaintiff's representation that "these records are relevant to his case to support his theory that he was being extorted by the G's gang to smuggle contraband into Turbeville prison via the same former correctional officers mentioned above," except one of the officers, who Plaintiff represents was having an "inappropriate inmate-staff relationship." [ECF No. 278 at 2].

There is insufficient information before the court to grant Plaintiff's third motion to compel; therefore, the court is constrained to deny the motion. Although "[t]he party opposing a motion to compel bears the burden of showing why it should not be granted," *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, C/A No. 4:10-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012), the party seeking discovery has to show the court that the relevant discovery was served and what was sought. *See* Fed. R. Civ. P. 37(a)(3)(B). Here, there is no evidence or indication on the record before the court that the SRFP was served on Defendant or contained requests for the personnel files of certain corrections officers.

Accordingly, Plaintiff's third motion to compel is DENIED. [ECF No. 278].

IT IS SO ORDERED.

March 30, 2021                         Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge