IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell L. Goss, | ) | C/A No.: 1:18-2124-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| Richard Cothran, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Darrell L. Goss ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Richard Cothran ("Defendant"), Warden of Turbeville Correctional Institution ("TCI"), in his individual capacity. Plaintiff alleges Defendant violated his Eighth Amendment rights by failing to protect him from inmate assaults and the threat of inmate assaults due to increased gang violence. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

This matter comes before the court on Plaintiff's motion to supplement and for injunctive relief [ECF No. 279], motion to amend/correct the court's prior order denying his third motion to compel [ECF No. 304], and another motion for injunctive relief [ECF No. 309].

First, Plaintiff asks the court for leave to supplement his complaint and for injunctive relief. [ECF No. 279]. He states that on May 9, 2019, he was placed in the Restorative Unit in Lieber Correctional Institution ("LCI") due to ongoing threats and assaults by prison gangs, in particular members of the gang the "the G's," Raymond Powell ("Powell"), Olin Brown ("Brown"), and Robert M. Fulmer ("Fulmer"). *Id.* at 1–3. Plaintiff states he has reported his concerns, but "no meaningful action has been taken to rectify the situation," and he "lives in great fear of one day being assaulted or otherwise harm[ed]. *Id.* at 3. Plaintiff seeks (1) to add the Warden of LCI, Brian Kendall ("Kendall"), as a defendant and add a claim against him for failure to protect him and (2) injunctive relief by having Brown and Fulmer transferred out of the Restorative Unit. *Id.* at 4.[1]

In response, Defendant has submitted an affidavit completed by Kendall, attesting that Plaintiff "has never met the requirement for protective custody," Plaintiff "has never been injured on this unit," and "there is no documented threat from any of the three inmates that Goss has named

---

[1] Plaintiff previously filed similar motions concerning alleged ongoing threats to his safety at LCI. [*See* ECF Nos. 222, 223, 233; *see also* ECF No. 279 at 2]. The district judge denied those motions, noting "[t]his action involves *only* Plaintiff's claim against Defendant Cothran in his individual capacity for the alleged violation of Plaintiff's Eighth Amendment rights while he was housed at [TCI]. This case has been pending for more than two years, and dispositive motions have been filed and ruled upon; thus, to now expand the case to include additional, unrelated claims against additional parties would be wholly inappropriate, and the Court declines to do so." [ECF No. 233 at 11].

in his motions for injunctive relief." [ECF No. 292 ¶¶ 4–5]. Notwithstanding, multiple searches for contraband have been conducted, and where contraband has been found, "the offending inmate is charged and removed" from the unit. *Id.* ¶ 6. As to the inmates specifically named by Plaintiff, Powell has been transferred to another unit following a failed drug test, and "Brown and Fulmer have not incurred any assault charges in a year, have not demonstrated any threat of harm, have no documented hostile contacts with Goss, and cannot be moved immediately without any type of substantiated proof that they have caused harm or pose a documented threat of harm to another inmate." *Id.* ¶¶ 6–8.[2] Kendall attests that he and officers under his command "are aware of Inmate Goss's concerns and we will continue to monitor the events of the Restorative Unit and any other allegations that may come forth," suggesting that if concerns continue, Plaintiff should request protective custody status. *Id.* ¶ 12.

Defendant argues the court should deny Plaintiff's motion because he has failed to "demonstrate any injury, much less that he will suffer an irreparable injury," has not established that the threatened injury to himself outweighs the harm the injunction would cause Defendant or that allowing

---

[2] Additionally, in response to Plaintiff's concerns, Kendall initiated an evaluation of protective concerns, in which Plaintiff met with the associate warden and others and declined to sign a protective custody request. [ECF No. 292 ¶¶ 9–11, *see also* ECF Nos. 292-1, 292-2].

the injunction is in the public interest," and any amendment to Plaintiff's complaint "would be prejudicial to the Defendant at this late hour." [*See* ECF No. 291; *see also id.* at 7 ("Defendant contends there is an improper motive here as Plaintiff attempts to coerce the Warden into complying with his wishes through the threat of legal action against him, instead of following the institutional procedure put in place for the inmates to report security threats.")]. Plaintiff did not file a reply to Defendant's response or Kendall's affidavit.

The court denies Plaintiff's motion because he has failed to offer good cause for any amendment to his complaint, particularly now when his claim against Defendant has been pending for almost three years and is unrelated to the new claim he wishes to assert. Additionally, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The court finds Plaintiff has not met the standard for a preliminary injunction, as he has not put forth evidence or argument sufficient to support his request.

Plaintiff has additionally filed a motion to amend/correct the court's order denying his third motion to compel, arguing the applicable rules do not

4

require him "to show the court that the relevant discovery was served and what was sought." [ECF No. 304 at 2]. Plaintiff is incorrect. *See, e.g.*, Fed. R. Civ. P. 37(a)(3)(B); *Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017) ("Where a prima facie showing of discoverability has been made by the party seeking discovery, 'the burden shifts . . . to the resisting party . . .'") (citing *Desrosiers v. MAG Industrial Automation Sys., LLC*, 675 F.Supp.2d 598, 601 (D. Md. 2009)). Accordingly, Plaintiff's motion is denied.

Plaintiff has also filed a standalone motion for injunctive relief, seeking an order from the court directing prison officials to provide him with legal supplies. [ECF No. 309]. Plaintiff states his request to the prison for paper and envelopes was denied, with the following instruction: "Please order from canteen. Not indigent." *Id.* at 2. Plaintiff has failed to establish the factors needed for the court to grant his request for injunctive relief, and the record reflects that he has been able to receive supplies to prosecute his legal action, including the legal supplies needed to file the instant motion. *See Winter*, 555 U.S. at 20. Accordingly, Plaintiff's motion is denied.

In sum, the court denies all of Plaintiff's motions, to wit: to supplement and for injunction [ECF No. 279], to amend/correct the court's denying his third motion to compel [ECF No. 304], and for injunctive relief [ECF No. 309].

5

IT IS SO ORDERED.

May 4, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

6