IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Richard Cothran, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 1:18-cv-2124-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Darrell L. Goss's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights against Defendant Richard Cothran ("Defendant"), Warden of Turbeville Correctional Institution, in his individual capacity, for the alleged failure to protect Plaintiff from inmate assaults and the threat of inmate assaults due to increased gang violence. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 21, 2021, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's amended motion for summary judgment. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.

On May 28, 2021, Plaintiff filed a response to the Report, indicating that he "offers no objection to the Magistrate's Report and Recommendation" and asking "the District Court to adopt the Report in its entirety." (ECF No. 326 at 1.) Defendant also filed a response to the Report offering no objection to the Magistrate Judge's findings and

recommendations. (ECF No. 327 at 1.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed specific objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis and her finding that Defendant is entitled to summary judgment on Plaintiff's claims. Accordingly, the Court adopts the Magistrate Judge's most recent Report (ECF No. 324) in full and specifically incorporates it herein, and the Court grants Defendant's amended motion for summary judgment (ECF No. 302).

**IT IS SO ORDERED.**

                                                                /s/Bruce H. Hendricks
                                                                United States District Judge

June 15, 2021
Charleston, South Carolina